# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTON HOWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al.,<br><br>    Defendants. | Case No.  1:16-cv-00076-SAB<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND VACATING MAY 4, 2016 HEARING<br><br>ECF No. 5 |

On April 4, 2016, Defendants County of Tulare ("Tulare County") and Corizon Health, Inc. ("Corizon") filed a motion to dismiss. (ECF No. 5.)  Plaintiff Weston Howard ("Plaintiff") filed an opposition on April 20, 2016.  (ECF No. 16.)  Tulare County and Corizon Health ("Defendants") filed a reply on April 25, 2016.  (ECF No. 17.)  All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes.  (ECF Nos. 9, 11.)

Pursuant to Local Rule 230(g), the Court finds that adjudication of this matter is appropriate upon the record and briefs on file and oral argument is not necessary.  Accordingly, the Court will vacate the hearing scheduled for May 4, 2016.  For the reasons set forth below, Tulare County and Corizon's motion to dismiss is granted with leave to amend.

## I.

## BACKGROUND

The complaint in this matter was filed on January 15, 2016.  (ECF No. 1.)  The complaint

names Tulare County, Corizon, and Does 1-10 as defendants.

Plaintiff alleges that on or about December 1, 2014, he was arrested for a variety of criminal violations and subsequently formally charged by criminal complaint in the County of Tulare Superior Court.  (Compl. ¶ 10.)  Plaintiff was booked into the Tulare County Jail and housed there to await trial.  (Compl. ¶ 10.)

The Tulare County Sheriff's Department is a sub-part of Tulare County and it operates a county jail.  (Compl. ¶ 7.)  At all relevant times herein, Corizon is and was under contract with Tulare County to provide medical care and mental health care to inmates in the Tulare County Jail and other custodial facilities operated by Tulare County.  (Compl. ¶ 8.)  Corizon employs persons to physically be present at the facilities to provide medical services, including mental health care, to inmates in the Tulare County Jail.  (Compl. ¶ 8.).  At all relevant times herein, Corizon and Tulare County were acting as the agents of one another.  (Compl. ¶ 8.)  Corizon is an agent of Tulare County for purposes of delivery of medical care, including mental health, to inmates such as Plaintiff.  (Compl. ¶ 9.)  Corizon provides medical care and mental health care in the Tulare County Jail pursuant to Tulare County's authority, direction, and control.  (Compl. ¶ 9.)

Tulare County and/or Corizon determined that plaintiff was "suicidal" while in the Tulare County Jail.  (Compl. ¶ 11.)  The Tulare County Sheriff's Department, who was the management or leadership of the Tulare County Jail, and Corizon were aware of Plaintiff's suicidal ideations and his deteriorating mental health.  (Compl. ¶¶ 11, 14.)

On or about December 2 and 3, 2014, Plaintiff, while incarcerated at the Tulare County Jail, was examined by Dr. James, a medical doctor.  (Compl. ¶ 12.)  Dr. James diagnosed Plaintiff as having "Unspecified Psychotic Disorder with Paranoid Delusions and Generalized Anxiety Disorder."  (Compl. ¶ 12.)  That diagnosis was told to both Corizon and Tulare County.  (Compl. ¶ 12.)

On or about December 15, 2014, the Superior Court judge ordered Tulare County to provide a psychological examination to Plaintiff to address Plaintiff's mental competency to stand trial.  (Compl. ¶ 10.)

1  On or about January 13, 2015, Plaintiff's criminal defense attorney, Emily Wagner, sent
2 an email to Defendant Corizon as follows:

> This email is in regards to my client Weston Howard (DOB 11/20/1990). He is currently being housed at the pre-trial facility. He seems to be having some mental health issues that are raising concern. If someone could please see him as soon as possible. I would be requesting an evaluation. Thank you.

6 (Compl. ¶ 13.) Corizon received the email message from Ms. Wagner. (Compl. ¶ 14.)

7  On or about January 14, 2015, Plaintiff self-reported to jail medical personnel and
8 Corizon medical/mental health personnel that he was having suicidal ideations. (Compl. ¶ 15.)
9 Plaintiff was placed in a "close watch" status, where jail personnel increases observation of the
10 inmate, thereby preventing an inmate from committing suicide. (Compl. ¶ 15.) Tulare County
11 jail personnel enforced the "close watch" status. (Compl. ¶ 15.)

12  On January 17, 2015, Plaintiff was released from "close watch" status, and returned to
13 normal status within the jail, which allowed Plaintiff to wander the jail facility relatively
14 unsupervised. (Compl. ¶ 16.) Corizon and Tulare County personnel made the decision to release
15 Plaintiff from close watch, but the decision was not supported by proper penological-medical
16 practices or mental health care practices. (Compl. ¶ 16.)

17  On January 17, 2015, at approximately 8 p.m., after Plaintiff was released from "close
18 watch," Plaintiff was able to climb to the top tier (floor) of the Tulare County Jail housing unit
19 and he then leapt from the top tier in an effort to commit suicide. (Compl. ¶ 17.) Plaintiff's
20 body hit the lower tier floor causing significant and severe injuries to his head, neck, back, and
21 other parts of his body, including a depressed skull fracture and a T12 burst fracture. (Compl. ¶
22 18.) Plaintiff had to undergo a spinal fusion and craniotomy of his skull. (Compl. ¶ 18.)

23  Tulare County has adopted a policy or practice of inadequately training its deputy sheriffs
24 and jail personnel in the proper housing and treatment of inmates in Tulare County's custody
25 who are suffering from severe mental illness, such as Plaintiff. (Compl. ¶ 24.) The acts and
26 omissions of Tulare County and unknown Doe Defendants were a result of the policy, practice,
27 and customs of Tulare County. (Compl. ¶ 27.)

28  As a result of Defendants' negligence, Plaintiff suffered serious emotional distress.

3

(Compl. ¶¶ 36-37.)  As a direct and proximate result of the acts of Defendants, Plaintiff has suffered physical, mental, and psychological pain and anguish.  (Compl. ¶ 39.)

Plaintiff brings four claims in his complaint: 1) a claim against Tulare County and Corizon under 42 U.S.C. § 1983 for denial of medical care and due process violation, 2) a Monell claim against Tulare County under 42 U.S.C. § 1983 for failure to train; 3) a claim for negligence against Tulare County and Corizon; and 4) a claim for negligent infliction of emotional distress against Tulare County and Corizon. (Compl. ¶¶ 4-41.)

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678.  This requires factual content for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Id.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. Id. Further, while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at 679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555.  Finally, the conclusory allegations in the complaint are not entitled to the

presumption of truth.  Iqbal, 556 U.S. at 681.

## III.

## DISCUSSION

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for all four claims in the complaint. Defendants argue that Plaintiff's denial of medical care and due process violation claim and Monell violation claim lack the requisite nonconclusory allegations of a specific policy, a specific deficiency evincing indifference by any Tulare County or Corizon policymaker, deliberate indifference by an employee, and a nexus between a policy and any rights violation. Defendants also argue that Plaintiff's negligence and negligent infliction of emotional distress claims are foreclosed against Tulare County because of Government Code immunities and should be dismissed because they are based on conclusory rather than factual allegations that release from close custody was medically improper.

For the reasons set forth below, the Court finds that Plaintiff fails to state cognizable claims in his first, second, third, and fourth claims. The complaint is dismissed with leave to amend.

### A. Denial of Medical Care and Due Process Violation Claim

Plaintiff's first claim for relief is claim against Tulare County and Corizon under 42 U.S.C. § 1983 for denial of medical care and due process violation. Plaintiff alleges that Tulare County's failure to provide appropriate medical, psychological, or mental health care for Plaintiff rises to the level of a policy or practice of deliberate indifference to the civil rights of pre-trial detainees with mental health concerns. (Compl. ¶ 21.) Plaintiff alleges that Tulare County's policy or practice is in violation of 42 U.S.C. § 1983 and the 5th and 14th Amendments of the United States Constitution. (Compl. ¶ 21.)

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632-33 (9th Cir. 1988). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

5

federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." Carey v. Piphus, 435 U.S. 247, 253 (1978) (quoting Imbler v. Pachtman, 424 U.S. 409, 417 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Baker, 443 U.S. at 140. Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker, 443 U.S. at 146.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Farmer v. Brennan, 511 U.S. 825, 828 (1994); Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). A "prison official violates the Eighth Amendment only when two requirements are met." Farmer, 511 U.S. at 834. First, an injury must be "sufficiently serious." Id. To meet this first requirement "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second the prison official must act with "deliberate indifference." Id. In order to show deliberate indifference, a plaintiff must allege: (1) that the defendant was aware of objective facts which raise an inference that a substantial risk of harm existed; (2) that the defendant was subjectively aware of the substantial risk of harm; and (3) that the defendant did not respond reasonably to the risk. See, e.g., id. at 844.

The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "[P]rison officials who lacked knowledge of risk cannot be said to have inflicted punishment." Id. at 844. Even if there are "underlying facts indicating a sufficiently substantial danger," a prison official cannot be found liable if he or she is unaware of the danger or believed, no matter

1 how unsoundly, that the risk was insubstantial or nonexistent. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845.

Further, when resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) citing with approval Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.")

Here, Plaintiff's first claim for relief is against Tulare County, a government entity, and Corizon, a private entity. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), "a municipality cannot be held liable under § 1983 *solely* because it employs a tortfeasor ... in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. Id. at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.' " Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992)).

A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the

force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir. 1990). "Since Iqbal, courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability." See, e.g., Rodriguez v. City of Modesto, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support).

The Ninth Circuit has held that Monell also applies to claims against private entities under § 1983. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012). Plaintiff may not bring a § 1983 claim against a municipality or a private entity under the theory of respondeat superior, so this first claim must be for a constitutional deprivation that was the result of a policy or custom sufficient to establish causation. See Monell, 436 U.S. at 690-91. In order to sustain a Monell claim against Corizon or Tulare County, Plaintiff must show that Corizon or Tulare County acted under color of state law and if a constitutional violation occurred, the violation was caused by an official policy or custom of Corizon or Tulare County. See Tsao, 698 F.3d at 1139.

Corizon and Tulare County argue that Plaintiff has not identified the specific content or specific nature of an ostensibly problematic Tulare County or Corizon policy. Since Tulare County and Corizon cannot be held liable under Section 1983 solely by reason of torts committed by an employee, this claim must meet the requirements of Monell. Plaintiff must allege that the constitutional violation was caused by an official policy or custom of Corizon or Tulare County to sustain a Monell claim. See Tsao, 698 F.3d at 1139.

Plaintiff states that Tulare County's "failure to provide appropriate medical/psychological/mental health care for Plaintiff Howard rises to the level of a policy or practice of deliberate indifference to the civil rights (medical/psychological/mental health needs) of pre-trial detainees with mental health concerns, including Plaintiff Howard." (Compl. ¶ 21.) Tulare County and Corizon cannot be inferred to have acted with deliberate indifference merely because of the fact that Plaintiff attempted suicide by jumping off of the top tier in the Tulare County jail. Plaintiff has failed to provide factual support that Tulare County and Corizon maintained unconstitutional customs or policies. Plaintiff is required to allege such facts

explaining how the policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur.

Therefore, Plaintiff fails to state a cognizable claim for deliberate indifference under Section 1983 against Tulare County and Corizon. Therefore, Plaintiff's first claim is dismissed with leave to amend.

### B.   <u>Monell</u> Failure to Train Claim

Plaintiff's second claim for relief is a claim against Tulare County for adopting a policy or practice of inadequately training deputy sheriffs and jail personnel in the proper housing and proper treatment of inmates who are suffering from severe mental illness such as Plaintiff. (Compl. ¶¶ 23-30.)

A section 1983 plaintiff alleging a policy of failure to train officers must show: (1) he/she was deprived of a constitutional right; (2) the local government entity had a training policy that amounts to deliberate indifference to constitutional rights of persons with whom its officers are likely to come into contact; and (3) his/her constitutional injury would have been avoided had the government entity properly trained those officers. <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 484 (9th Cir. 2007).

Tulare County moves to dismiss Plaintiff's <u>second</u> claim because Plaintiff does not state factual allegations showing how Tulare County's training practices ostensibly were deficient and how they ostensibly entailed an obvious risk about which Tulare County policymakers must have known. Further, Tulare County asserts that this claim fails because Plaintiff does not set forth any facts indicating how the additional training would have prevented any purported rights violation. Plaintiff's opposition to the motion to dismiss does not specifically address what facts in the complaint support the <u>Monell</u> claim.

Plaintiff alleges the following facts for his <u>Monell</u> failure to train claim in his complaint:

> Defendant County has adopted a policy or practice of inadequately training its deputy sheriffs and jail personnel in the proper housing and proper treatment of inmates in the custody of Defendant County who are suffering from severe mental illness such as Plaintiff Howard. As a result of Defendant County's adopted

9

>     policy or practice and deliberate indifference, members of the
>     public, including Plaintiff Howard, are subjected to a deprivation
>     of their Constitutional rights without legal authority, by employees
>     of Defendant County.

(Compl. ¶ 24.)

Plaintiff also alleges that "[t]he acts and omissions of Defendant County and unknown "Doe" Defendants were a result of the policy, practice, and customs, of Defendant County. (Compl. ¶ 27.) However, Plaintiff fails to provide any factual support for his conclusions that Tulare County maintains unconstitutional customs, policies, or practices. Merely stating that Tulare County has adopted a policy or practice of inadequately training its deputy sheriffs and jail personnel without factual support is insufficient. Plaintiff is required to allege facts explaining how the policy or custom was deficient, how it caused the alleged harm, and how the infirmity of the custom or policy was so obvious that policymakers were on notice that the constitutional injury was likely to occur.

Therefore, Plaintiff's second claim for relief against Tulare County for its failure to train (Monell claim) is dismissed with leave to amend.

### C. Negligence and Negligent Infliction of Emotional Distress Claims

Plaintiff's third claim is for negligence and fourth claim is for negligent infliction of emotional distress. (Compl. ¶¶ 31-41.) Defendants argue that Plaintiff's negligence and negligent infliction of emotional distress claims are duplicative of one another. Defendants also argue that Plaintiff's negligence and negligent infliction of emotional distress claims are based on conclusory allegations, such as the conclusory allegation that Defendants breached a duty. Tulare County also contends that negligence claims against it are foreclosed because of the California Tort Claims Act ("Claims Act"), Cal. Gov. Code, §§ 810, et seq.

1. Duplicative Claims

Defendants argue that the negligent causing of emotional distress is not an independent tort, but the tort of negligence. Plaintiff does not address this argument in his opposition to the motion to dismiss.

Negligent infliction of emotional distress is a form of the tort of negligence, which has

the elements of duty, breach of duty, causation, and damages. See Huggins v. Longs Drug Stores California, Inc., 6 Cal.4th 124, 129 (1993).  Under California law, "there is no independent tort of negligent infliction of emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element."  Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984 (1993).  Negligent infliction of emotional distress includes both "direct victim" cases and "bystander" cases.  See Wooden v. Raveling, 61 Cal.App.4th 1035, 1037 (1998).  A "direct victim" case involves a breach of a duty that is assumed by the defendant, or that arises out of the defendant's preexisting relationship with the plaintiff, or is imposed on the defendant as a matter of law.  See Burgess v. Superior Court, 2 Cal.4th 1064, 1073-1074 (1992).

Negligent infliction of emotional distress is not the appropriate cause of action for seeking recovery of the resulting damages when emotional distress accompanies physical injury.  See Granger v. Lowe's Home Centers, LLC, 1:14-cv-01212-DAD-SKO, 2016 WL 1138175, at *4 (E.D. Cal. March 23, 2016).  "Rather, when a plaintiff is physically injured and suffers emotional distress as a result, damages stemming from the emotional distress are treated as a "parasitic item" to be recovered through a claim of ordinary negligence."  Granger, 2016 WL 1138175, at *4 (citing Thing v. La Chusa, 48 Cal. 3d 644, 651 (1989); Summers v. Delta Airlines, Inc., 805 F.Supp.2d 874, 887 (N.D. Cal. 2011) ("Under California law, it is well-settled that in ordinary negligence actions for physical injury, recovery for emotional distress caused by that injury is available as an item of parasitic damages.") (quotation omitted)).

The Court notes that California recognizes intentional infliction of emotional distress. Under California law, the elements of intentional infliction of emotional distress are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress."  Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' "  Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002)

(quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).  The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it."  Simo, 322 F.3d at 622.

Plaintiff does not explain in his opposition brief or in the complaint how he suffered emotional distress and whether the emotional distress is connected to the physical injury that is the basis for the ordinary negligence claim.  Plaintiff alleges that as a result of Defendants' negligence, he suffered serious emotional distress.  To the extent that Plaintiff's emotional distress originates from his physical injuries, Plaintiff's emotional distress claim is subsumed by the general negligence claim in the third claim.  Therefore, Plaintiff may amend his negligence claim to include damages for emotional distress. As stated below, Plaintiff has not adequately pled the existence of a duty owed to Plaintiff by Defendants.  Accordingly, Plaintiff is granted leave to amend his negligence claim.

2. Government Code Immunities

Tulare County argues that Plaintiff has identified no statutory bases for his direct negligence claims against Tulare County, so the negligence claims against Tulare County must be dismissed because of the Government Code's immunities and liability limitations.  Plaintiff argues that California law establishes liability against Tulare County for failure to provide medical care.

The Claims Act, Cal. Gov. Code, §§ 810, et seq., provides that unless provided by statute, "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815(a); See Zelig v. County of Los Angeles, 27 Cal.4th 1112, 1128 (2002).  "All government tort liability must be based on statute."  Young v. City of Visalia, 687 F.Supp.2d 1155, 1164 (E.D. Cal. 2010) (quoting Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998)).  Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel to the potential liability of private individuals and entities, but the Government Claims Act's intent "is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances."  Brown v. Poway Unified

School Dist., 4 Cal.4th 820, 829; see Michael J. v. Los Angeles County Dept. of Adoptions, 201 Cal. App.3d 859, 866 (1988) ("Under the Act, governmental tort liability must be based on statute; all common law or judicially declared forms of tort liability, except as may be required by state or federal Constitution, were abolished.")

A government entity may be held 1) directly liable if a specific statute provides for liability or creates a duty of care apart from general tort principles; or 2) vicariously liable for the torts of its employees committed within the course and scope of their employment. De Villers v. County of San Diego, 156 Cal.App.4th 238, 251 (2007); Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). While Cal. Gov. Code § 820(a) provides that public employees are liable for their acts or omissions to the same extent of that of a private person, no similar provision makes public entities liable for their own negligent act or omission to the same extent as that of a private person or entity. Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1179-80 (2003).

A court first determines whether a statute "imposes direct liability" on a defendant public entity. Munoz v. City of Union City, 120 Cal.App.4th 1077, 1111 (2004). "[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." Eastburn v, 31 Cal.4th at 1183. "[B]ecause under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable." Lopez v. So. Cal. Rapid Transit Dist., 40 Cal.3d 780, 795 (1985). Thus, "to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." Peter W. v. San Francisco Unified Sch. Dist., 60 Cal.App.3d 814, 819 (1960).

Section 845.6 of the California Government Code states:

> Neither a public entity nor a public employee is liable for injury

> proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

"Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Watson v. State of Cal., 21 Cal. App. 4th 836, 841 (1993) (emphasis added). The statutory duty does not encompass a duty to provide reasonable medical care. Id.

Plaintiff does not allege in his complaint that he was in need of immediate medical care or that the employees of Tulare County failed to take reasonable action to summon such medical care. Plaintiff has not alleged that he was in immediate distress at the moment that he was taken off of close watch or that he required immediate medical care when he was taken off of close watch. Therefore, Plaintiff has not pled sufficient facts to allege a violation of Cal. Gov. Code § 845.6.

Plaintiff also alleges that Section 673 of the California Penal Code, Section 4007 of the California Penal Code, Section 4011 of the California Penal Code, and Section 3350 of Title 15 of the California Code of Regulations create a legal duty to provide medical care to inmates. However, these statutes are not authorizing statutes that impose government tort liability.

Section 4007 of the California Penal Code allows the sheriff to transfer an inmate in need of medical care to a state prison facility. Section 4011 of the California Penal Code permits a judge to order an inmate to be removed from a city or county jail to the county hospital when an official in charge of the jail shows by affidavit that the jail cannot provide treatment. These statutes do not import any duty for the circumstances alleged in the complaint. Section 3350 of Title 15 of the California Code of Regulations establishes that the California Department of Corrections & Rehabilitation shall only provide medical services that are necessary and proven effective. Plaintiff does not allege that he received unnecessary treatments or treatments that are not proven to be effective. Section 673 of the California Penal Code makes it unlawful to allow any lack of care which would injure or impair the health of the inmate. This statute creates

criminal liability for deprivations of civil rights, but does not give rise to civil liability. See Parra v. Hernandez, 2009 WL 3818376, at *8 (S.D. Cal. Nov. 13, 2009) (citing Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Therefore, these statutes and regulations cited by Plaintiff do not provide for a statutory duty.

Furthermore, "since the duty of a governmental agency can only be created by statute, the statute claimed to establish the duty must be identified. D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F.Supp.2d 1184, 1198 (E.D. Cal. 2009) (citing Searcy v. Hemet Unified Sch. Dist., 177 Cal.App.3d 792, 802, 223 Cal.Rptr. 206 (Cal.App.4th Dist.1986)). Plaintiff has not pled the existence of a statutory duty.

As Plaintiff fails to identify in the complaint a statute that creates liability, Plaintiff has not pled sufficient facts to show that Tulare County is not immune under the California Tort Claims Act from negligence. Based on the circumstances of this case, Plaintiff may potentially be able to plead facts to allege a violation of Cal. Gov. Code § 845.6. Therefore, Plaintiff's negligence claim against Tulare County is dismissed, but Plaintiff is granted leave to amend to allege sufficient facts to establish statutes that provide for liability.

3. Absence of Nonconclusory Facts Showing Negligence

Tulare County and Corizon also argue that Plaintiff has not sufficiently pled the negligence claim. Under California law, the elements for a negligence cause of action are "1) a legal duty to use reasonable care, 2) breach of that duty, and 3) proximate or legal cause between the breach and 4) the plaintiff's injury." Phillips v. TLC Plumbing, Inc., 172 Cal.App.4th 1133, 1139 (2009) (internal punctuation and citations omitted).

Defendants argue that Plaintiff has not adequately alleged any breach of a duty because he does not offer facts supporting his conclusion that discontinuing close watch on January 17, 2015, was medically improper. Plaintiff asserts that Defendants owed him a "duty of due care." Plaintiff alleges that Tulare County has a legal duty of care to the inmates in its custody to keep them safe from harm, including suicide. (Compl. ¶ 19.) Although these facts were in the section for the first claim for relief, they were incorporated into Plaintiff's third and fourth claims. (Compl. ¶¶ 31, 35.) Plaintiff alleges that Defendants were negligent in failing to prevent

Plaintiff from attempting to commit suicide. (Compl. ¶ 20.)

Plaintiff fails to adequately allege facts which demonstrate how Corizon or Tulare County breached a duty to Plaintiff. Based upon the foregoing, the Court finds that Plaintiff's third claim for negligence fails to state a cognizable claim against Corizon and Tulare County.

Accordingly, the Court finds that Plaintiff's third claim for negligence should be dismissed with leave to amend.

### E.   Leave to Amend

Generally, leave to amend shall be freely given when justice so requires. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. Id. at 1051-52. Absent prejudice, or a strong showing of the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Id. at 1052. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." Id. at 1052 (citing Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996)).

The Court will grant leave to amend the deliberate indifference claim, Monell failure to train claim, and negligence claim, to the extent that new or different facts can be alleged to render the claims cognizable.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court grants Defendants Tulare County and Corizon's motion to dismiss. The Court will grant Plaintiff leave to amend the complaint to cure the deficiencies identified herein.

Accordingly, it is HEREBY ORDERED that:

1. The hearing set for May 4, 2016 at 10:00 a.m. in Courtroom 9 is VACATED;

2. Defendants County of Tulare and Corizon's motion to dismiss is GRANTED;

3. Plaintiff's claims for deliberate indifference and due process violation (1st claim), failure to train (2nd claim), and negligence (3rd claim) are DISMISSED with leave to amend;

4. Plaintiff's claim for negligent infliction of emotional distress (4th claim) is DISMISSED without leave to amend; and

5. Plaintiff shall file a First Amended Complaint within fourteen days of the date of service of this order.

IT IS SO ORDERED.

Dated: **May 3, 2016**

UNITED STATES MAGISTRATE JUDGE